Cite as 2024 Ark. App. 67

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-23-161

MATTHEW GARNER

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered January 31, 2024

APPEAL FROM THE IZARD
COUNTY CIRCUIT COURT
[NO. 33CR-20-95]

HONORABLE TIM WEAVER, JUDGE

AFFIRMED

## MIKE MURPHY, Judge

An Izard County jury convicted appellant Matthew Garner of attempted capital murder and battery in the first degree. He was sentenced to twenty years' imprisonment and received a fine of $5,000. On appeal, Garner challenges the sufficiency of the evidence for both convictions. His arguments are not preserved, and we affirm his convictions.

In the early-morning hours on October 28, 2019, Kyle Cantrell, the manager of the local Sonic Drive-In in Melbourne, Arkansas, walked out to his truck to head to work. As Cantrell was opening the door of his truck, he was shot twice, in rapid succession, in what sounded to him as being from close range. He managed to call 911, and while talking with the dispatcher, he was shot a third time. Eventually the paramedics arrived on the scene and

transported him to the hospital. As a result of the shooting, he spent two months recovering in the hospital, lost one kidney, and lost two-thirds of his colon.

Chief Deputy Melton of the Izard County Sheriff's Office arrived on the scene prior to the paramedics, and he asked Cantrell who he thought might have shot him. The first person Cantrell mentioned was Garner, whom he had fired from the Sonic two weeks before.[1] During the investigation, Garner consented to the release of his computer and cell phone to police. During an interview, after continually denying that he was at Cantrell's house on the morning of the shooting, he eventually described being at the scene and seeing the shooting but denied he was the shooter.

A jury trial was conducted on November 16, 2022. Following the State's case, Garner moved for a directed verdict, asserting that the State "failed to provide substantial evidence that [he] purposefully engaged in conduct that constituted a substantial step in a course of conduct intended to culminate in the commission of an offense. . . . [S]pecifically, the State has failed to provide that [he] with the premeditated and deliberate purpose intended to cause the death of Kyle Cantrell." Garner also moved for a directed verdict regarding the charge of first-degree battery. He argued, "[T]he State has failed to provide substantial evidence that Matthew Garner had the purpose of causing serious physical injury to Kyle Cantrell or that Matthew Garner caused physical injury to Kyle Cantrell by means of a deadly weapon." The court denied the motions.

---

[1]Cantrell also mentioned another person whom he had demoted from assistant manager to cook, but an investigation revealed that person had a plausible alibi.

Following the denial, Garner called additional witnesses and took the stand. Upon resting, Garner renewed his motions for directed verdict, requesting that his "previous arguments be placed in to the record as if [ ] stated [ ] again, verbatim." The court again denied the motions. Ultimately, the jury convicted Garner on the charges of attempted capital murder and first-degree battery and sentenced him to twenty years in prison for the attempted-capital-murder conviction and a $5,000 fine for the first-degree-battery conviction. He now appeals.

On appeal, Garner argues there was insufficient evidence to prove that he was the perpetrator. As a result, he contends the jury's verdict on both counts rested on speculation and conjecture. We will not decide Garner's point because it is not preserved for our review.

Arkansas Rule of Criminal Procedure 33.1(a) (2023) requires a criminal defendant in a jury trial to move for a directed verdict at the close of the prosecution's case and at the close of all the evidence. The rule is strictly construed, and in order to preserve a challenge to the sufficiency, an appellant must make a specific motion for a directed verdict that advises the circuit court of the exact element of the crime that the State has failed to prove. *Hayes v. State*, 2020 Ark. 297. The reason underlying the requirement that specific grounds be stated and that the absent proof be pinpointed is that it gives the circuit court the option of either granting the motion or, if justice requires, allowing the State to reopen its case and supply the missing proof. *Id.* A general motion that merely asserts that the State has failed to prove its case is inadequate to preserve the issue for appeal. *Id.*

Instead of challenging the element of intent as he did below, Garner changes his argument to focus on the identity of the perpetrator. An appellant cannot enlarge or change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Burns v. State*, 2023 Ark. App. 309, at 8, 668 S.W.3d 566, 568. All arguments made below but not raised on appeal are abandoned. *Id.*

Accordingly, Garner failed to preserve a challenge to the sufficiency of the evidence for our review.

Affirmed.

KLAPPENBACH and BARRETT, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.